UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KIMBERLEY BRADLEY          Index No. 7:21-cv-03303-CS

                   Plaintiff,          **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

   -against-

TOPCO ASSOCIATES, LLC,

                 Defendant.
-------------------------------------------------------------------------X

Defendant TopCo Associates, LLC ("TopCo") submits this memorandum of law in support of its motion to dismiss Plaintiff's Amended Complaint.

## SUMMARY

This is a false-advertisement case involving Tippy Toes flushable wipes, which are advertised to be flushable but explain, "not all systems can accept flushable wipes." It also warns, "Ignoring Disposal Instructions may lead to clogs." Based solely on the word "flushable" on the products' packaging, Plaintiff alleges that these wipes were falsely advertised as flushable. *Id.* at ¶ 9. Plaintiff alleges that the wipes led to clogged plumbing. *Id.* at ¶ 10. Plaintiff alleges that she ignored the explanatory clarifying language on the Tippy Toes wipes packaging, *id.* at ¶ 9, explaining that not all systems can accept flushable wipes, and set forth when the wipes should not be flushed:

> †Independent lab testing shows these wipes meet INDA Flushable Product Guidelines. Not all systems can accept flushable wipes. Ignoring Disposal Instructions may lead to clogs, property damage, or regulatory violations.
>
> **Disposal Instructions**
>
> Do not flush if:
> • Violates local rules
> • Using RV, marine, or aviation system
> • Using macerator toilet or household pump
> • Fat or grease are put in any drain or you are unsure of system capability
>
> Flushing Ok if:
> • Permitted by local rules
> • One wipe per flush
> • No history of clogs or back ups
> • Septic follows EPA schedule for alternative systems (annual inspection & pumping)
>
> If a problem is noticed, dispose of in trash and stop flushing.

Plaintiff does not allege that any of the additional explanatory language is false or misleading, or that the term flushable and the explanatory language when taken together are false or misleading. Further, Plaintiff does not dispute that the explanatory language is located on the bottoms of both the single and multi-packs of wipes, and she includes pictures of both types of packs in the Amended Complaint. *Id.* at ¶¶ 2, 15-16. 10. Plaintiff also does not dispute that scanning with any smartphone the QR Code on the wipes, displayed in the pictures she includes, *id.*, would also display the explanatory clarifying language.[1] Notwithstanding her ignoring the explanatory clarifying language, Plaintiff brings an express warranty claim and New York General Business Law ("GBL") claims for herself and a proposed New York class. Furthermore, although Plaintiff alleges she purchased only Tippy Toes flushable wipes from a store in Newburgh, New York for $2.59, Amended Compl. ¶ 9, she also references different products, namely TopCare and Simply Done flushable wipes, but does not allege she actually purchased these products. *Id.* at ¶¶ 1-2, 18.

Plaintiff's claims require dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff: (i) lacks standing to pursue her claims against products she did not buy; (ii) overlooks that the term "flushable" is not inherently deceptive or inconsistent with the products' packaging; (iii) admits that she ignored the explanatory clarifying language found on the products' packaging, precluding any deception; and (iv) lacks standing to seek class certification under Rule 23(b)(1) or (2) and these allegations are otherwise not viable.

---

[1] Scanning the QR code takes a consumer to this web address through which the flushable language is discussed: https://smartlabel1.tippytoesbytopcare.com/0368000773311-0001-en-US/index.html?scantime=2021-09-13T18%3A38%3A39Z&utm_source=scanbuy&utm_campaign=smartlabel_scan&utm_medium=qrcode#health last accessed, September 13, 2021.

# ARGUMENT

## I. Plaintiff lacks standing to pursue her claims against products she did not purchase

Plaintiff does not have standing to bring claims for products she did not buy, as she only alleges she purchased Tippy Toes flushable wipes, not the TopCare and Simply Done wipes that are also referenced elsewhere in the Amended Complaint. Amended Compl. ¶¶ 1-2, 9, 18. Thus any warranty provided for these other wipes, and any GBL provisions that are relevant to these other wipes, are irrelevant for Plaintiff. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 337 (2006) (noting a "plaintiff must demonstrate standing for each claim").

Plaintiff alleges only that she "purchased Tippy Toes Flushable Wipes for her personal use for approximately $2.59 from Price Chopper in Newburgh, New York." Amended Compl. ¶ 9. Under the rubric of purported TopCo Flushable Wipes, Plaintiff also references other products and pictures of those wipes that she did not purchase, namely TopCare Flushable Personal Cleansing Wipes and Simply Done Flushable Wipes.[2] *E.g., id.* at ¶¶ 1-2, 18. Plaintiff's only basis to include the TopCare Flushable Personal Cleaning Wipes and Simply Done Flushable Wipes is her lone conclusory allegation that the "TopCo Flushable Wipes are substantially similar." *Id.* at ¶ 2.

Plaintiff does not plead a single fact demonstrating how the wipes she never purchased "are substantially similar" to the Tippy Toes wipes that she actually purchased. Without such, she has no basis to have standing to represent others, or to pursue claims against, the two other products she includes in the Amended Complaint based solely on her conclusory "substantially similar" allegation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (legal conclusions are not accepted as true, and a court is "not bound to accept as true a legal conclusion couched as a factual

---

[2] In paragraph 1 of the Amended Complaint, Plaintiff also refers to "TopCo Flushable Personal Cleansing Wipes," an apparent typographical error, as that product is nowhere mentioned in the rest of the pleading, no picture is included, and no such product is known to exist.

3

allegation"); *Martinez v. Santamaria*, 2015 U.S. Dist. LEXIS 90901, *6-7 (S.D.N.Y. July 8, 2015) ("Wholly conclusory claims and those which rely upon unreasonable inferences and unwarranted deductions do not suffice to establish a proper pleading."); *Newton v. Kraft Heinz Foods Co.*, 2018 U.S. Dist. LEXIS 241406, *5 (E.D.N.Y. Dec. 18, 2018) ("Moreover, in evaluating the sufficiency of the allegations in the Complaint the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

**II. Under Rule 12(b)(6), Plaintiff's claims must be dismissed because the term "flushable" is not inherently deceptive or inconsistent with the products' packaging**

Plaintiff alleges that she did not bother reading the packaging on her purchased Tippy Toes wipes, and therefore "did not realize the side or back panel of the TopCo Flushable Wipes contained information inconsistent with this [flushable] representation." Amended Compl. ¶ 9. First, Plaintiff's assertion that the term "flushable" is deceptive, and that clarifying language found on the packaging is "inconsistent" with the term "flushable," are conclusory legal claims not entitled to any deference, and are proven false by a straightforward reading of the products' packaging. Legal conclusions are not accepted as true, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678-79. Other than the lone term "flushable," Plaintiff does not allege that the clarifying language, or any other part of the products' packaging, is deceptive.

The Amended Complaint's "allegations that consumers expect a product labeled" flushable would be 100% flushable at all times and under all circumstances "are conclusory statements that the Court is not required to accept." *Wynn v. Topco Assocs., LLC*, 2021 U.S. Dist. LEXIS 9714, *8 (S.D.N.Y. Jan. 19, 2021). The Amended Complaint "does not substantiate these allegations in a manner that nudges that claim across the line from conceivable to plausible." *Id.* at *8-9 (quoting *Twombly*, 550 U.S. at 570). In addition, the Amended Complaint "do[es] not

4

258404226v.2

attempt to marshal consumer survey data to support the[] allegation that reasonable customers interpret" flushable to mean 100% flushable at all times and under all circumstances. *Id.* at *9.

Further, the packaging on the wipes does not contain "inconsistent" language between the term "flushable" and the explanatory clarifying language on the package, as Plaintiff alleges. There is nothing inconsistent, as a reasonable reading of the clarifying language demonstrates that the text does not contradict the "flushable" term by advising that the wipes are never flushable, but informs that that not all systems can accept flushable wipes under all circumstances.

Plaintiff's allegation that the term "flushable" is inconsistent with the clarifying language on the package is an unreasonable inference that fails to state a viable lawsuit. *See Martinez*, 2015 U.S. Dist. LEXIS 90901 at *6-7 ("Wholly conclusory claims and those which rely upon unreasonable inferences and unwarranted deductions do not suffice to establish a proper pleading."); *Newton*, 2018 U.S. Dist. LEXIS 241406, at *5 ("Moreover, in evaluating the sufficiency of the allegations in the Complaint the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). To try to provide merit to her allegations, Plaintiff unreasonably asks the Court to review the products as though the labels state "100% flushable" or "always flushable" instead of "flushable." And any allegation by Plaintiff that the products are never flushable is a demonstrably false unwarranted deduction and could not be presented in good faith.

A reasonable consumer seeing the term "flushable," much as a consumer seeing a term such as "microwavable," would read the packaging to obtain information to properly flush (or microwave) the product. *See Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011) (recognizing that a "reasonable consumer" standard is applied, not a "least sophisticated consumer" standard).

Because the term "flushable" is not deceptive, and Plaintiff does not dispute that further explanatory information is found on the packaging for all of the products listed in the Amended Complaint, her causes of action fail. "Plaintiff alleges that her injury is the price premium" of the Product "as the allegedly materially misleading label allows the Product to cost more than properly labeled comparable" Products, but "because Plaintiff has not plausibly alleged that the label is materially misleading, the Court does not need to evaluate the injury prong of her GBL claims." *Mazella v. Coca-Cola Co.*, 2021 U.S. Dist. LEXIS 129330, *11-12 (S.D.N.Y. July 12, 2021). *See also Broder v. MBNA Corp.*, 281 A.D.2d 369, 371, 722 N.Y.S.2d 524 (1st Dep't 2001) ("[T]here can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed").

"To state a claim for breach of express warranty under New York law, a plaintiff must allege (1) a material statement amounting to a warranty; (2) the buyer's reliance on this warranty as a basis for the contract with his immediate seller, (3) the breach of this warranty, and (4) injury to the buyer caused by the breach." *Mazella*, 2021 U.S. Dist. LEXIS 129330, at *17. "Plaintiff's claim as alleged fails at the first prong as she does not sufficiently plead" that the term flushable "is a material statement amounting to a warranty," "because Plaintiff does not plausibly plead facts to support the conclusion that the label" flushable "is a factual representation" of the totality of information whether a wipe is flushable under particular circumstances within the wipes. "As such, Plaintiff does not adequately allege that Defendant breached an express warranty of the Product." *Id.* at *17-18.

### III. Under Rule 12(b)(6), Plaintiff's claims must be dismissed because she admits that she ignored the clarifying information found on the products' packaging

Plaintiff's breach of express warranty and GBL claims are based on the same factual allegations, namely the single word "flushable." Amended Compl. ¶¶ 41-62. Plaintiff does not allege that language further explaining the term "flushable" is missing from the packaging of the

6

Tippy Toes wipes she purchased or any of the other products referenced in the Amended Complaint. Plaintiff concedes that further explanatory language is indeed present on the side or back panels of the products. *Id.* at ¶ 9. *See Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) ("A Plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss or, indeed, to escape admonishment."). The Amended Complaint does not contain any allegation that the explanatory language is false or misleading, or that the term flushable and the explanatory language, read together, are false or misleading.

"For a 'statement or representation to provide the basis for an express warranty claim, it still must meet the threshold requirement of being material to a reasonable consumer.'" *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 469 (S.D.N.Y. 2020). Courts also apply the "reasonable consumer" standard to determine whether a representation is false or deceptive under the GBL. *Id.* at 466. *See also Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d 121, 126 (2d Cir. 2000) (noting that "[u]nder New York law, a deceptive act or practice . . . has been defined as a representation or omission 'likely to mislead a reasonable consumer acting reasonably under the circumstances'"). "[P]laintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers. Instead, Plaintiffs must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 242 (S.D.N.Y. 2020) (quoting *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018)). Plaintiff is silent in the Amended Complaint in specifying why or how a reasonable, average consumer who wanted to purchase one of the types of wipes referenced in the Amended Complaint would fail to notice or read the explanatory language on the other part of the packaging

7

258404226v.2

advising of the circumstances to flush or not flush the wipes at issue. *See also Kimberly-Clark Corp. v. D.C.*, 286 F. Supp. 3d 128, 141-144 (D.D.C. 2017) (finding that whether wipes are "flushable" and the "harms they might cause" is "subject to serious debate" and consumers would have differing definitions).

Although the question of whether a business practice or advertisement is misleading to the reasonable consumer is generally a question of fact, *see Hidalgo v. Johnson & Johnson Consumer Cos., Inc.*, 148 F. Supp. 3d 285, 295 (S.D.N.Y. 2015), it is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741. This Court can "take into account all the information available to consumers and the context in which that information was provided and used" and "a plaintiff's unreasonable assumptions about a product's label will not suffice." *Moore v. Trader Joe's Co.*, 2021 U.S. App. LEXIS 20951, *12-13, __ F.4th __ (9th Cir. July 15, 2021) (quoting *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 477 (7th Cir. 2020)).

"On a 12(b)(6) motion, courts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." *Mazella*, 2021 U.S. Dist. LEXIS 129330, at *6 (citation omitted). "This means that the court considers the entire mosaic of the label rather than each tile separately." *Id.* (citation omitted). "When applying this standard, courts have held that the rational consumer, would not simply assume something about the product that a cursory inspection would not show to be true," and "context is crucial when determining if a label is materially misleading, and that context includes information on the product's packaging along with the product itself." *Id.* at *6-7 (citation omitted). "Courts have also found that the presence of a disclaimer or similar clarifying language," such as found on the packaging of the flushable wipes at issue here, "may defeat a claim of deception," as, "where the allegedly deceptive practice is

8

fully disclosed, there is no deception claim." *Id.* at *8. *See also Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 463 (E.D.N.Y. 2013) ("Plaintiff's allegations fail to state a claim because, "in determining whether a product's label or packaging is misleading, one must examine a disclaimer or accurate information on the product in the context of the allegedly misleading statements."); *Melendez v. One Brands*, 2020 U.S. Dist. LEXIS 49094, *17 (E.D.N.Y. Mar. 16, 2020) ("If a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would dispel the confusion, the court should ask whether the misleading element is ambiguous. If so, the clarification can defeat the claim.").

Plaintiff cannot avoid the implications of the explanatory language found on the packaging of the wipes by alleging that she simply ignored the language. Amended Compl. ¶ 9. "Assuming that a reasonable consumer might ignore the evidence plainly before him attributes a level of stupidity" that is not actionable. *Kommer v. Bayer Consumer Health*. 252 F. Supp. 3d 304, 312 (S.D.N.Y. 2017). *See also Fermin v. Pfizer, Inc.*, 215 F. Supp. 3d 209, 212 (E.D.N.Y. 2016) ("The suggestion that such laws should cover [plaintiffs'] failure to read an unambiguous [label] does not pass the proverbial laugh test.").

The Tippy Toes product pictured in the Amended Complaint even goes so far as to include a "†" (a cross or dagger symbol, much like an asterisk). Such a symbol directs a consumer to the rest of the packaging. "Plaintiff cannot simply look to the statement on the front panel, ignore the asterisk, and claim he has been misled" and "[t]his is especially true where, as here, there are no other words, pictures or diagrams adorning the packaging that would make the front label statement deceptive." *Moreno v. Vi-Jon, Inc.*, 2021 U.S. Dist. LEXIS 40032, *16 (S.D. Cal. Mar. 3, 2021) (citations omitted).

Plaintiff's GBL and express warranty causes of action should accordingly be dismissed.

9

## IV. Plaintiff lacks standing to seek class certification under Rule 23(b)(1) and these allegations are otherwise not viable

In addition to Plaintiff's overarching allegation for certification of a monetary damages class action under Rule 23(b)(3), in paragraph 40 of the Amended Complaint, Plaintiff alternatively alleges certification may be proper under Rule 23(b)(1) or (2). Pursuant to Rule 12(b)(1), Plaintiff lacks standing for her Rule 23(b)(1) allegations. Even if she had standing, under Rule 12(b)(6) her Rule 23(b)(1) allegations are not viable under the allegations in the Amended Complaint and must be dismissed.

Quoting Rule 23(b)(1)(A), Plaintiff alleges that "the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendant." Amended Compl. ¶ 40(a). Rule 23(b)(1)(A) is inapplicable in this monetary damages case involving flushable wipes. "Rule 23(b)(1)(A) 'takes in cases where the party is obliged by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners).'" *Rambarran v. Dynamic Airways, LLC*, 2015 U.S. Dist. LEXIS 97651, *32 (S.D.N.Y. July 27, 2015) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997)). Plaintiff includes no such allegation in the Amended Complaint. Further, "certification under Rule 23(b)(1)(A) is limited to claims for equitable relief" and Plaintiff "is seeking monetary damages." *Id.* at *32-33. *See also Abramovitz v. Ahern*, 96 F.R.D. 208, 215 (D. Conn. 1982) ("Certification under Rule 23(b)(1)(A) is proper only where the class representatives seek injunctive relief") (citing *Landau v. Chase Manhattan Bank*, 367 F. Supp. 992, 997 (S.D.N.Y. 1973)); *Pimentel v. City of Methuen*, 2019 U.S. Dist. LEXIS 211512, *19 (D. Mass. Dec. 9, 2019) ("It is doubtful that Rule 23(b)(1) certification is available in actions

10

that seek monetary relief."). Plaintiff has already agreed she lacked standing to seek injunctive relief, removing any such requests for relief in the Amended Complaint, and as such she lacks standing to seek relief under Rule 23(b)(1)(A).

Quoting Rule 23(b)(1)(B), Plaintiff alleges that "the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests." Amended Compl. ¶ 40(b). This "limited fund" class action allegation is not viable here, because Plaintiff does not allege that Defendant "would be incapable of satisfying individual claims for statutory damages," and as such, "Rule 23(b)(1)(B) is inapplicable." *Felix v. Northstar Location Servs.*, 290 F.R.D. 397, 405 (W.D.N.Y. 2013) (citing *Petrolito v. Arrow Financial Services, LLC*, 221 F.R.D. 303, 313 (D. Conn. 2004) ("Rule 23(b)(1)(B) is typically applied in limited fund cases; there is no such allegation of limited defendant resources here")). Because Plaintiff does not include any such allegations in the Amended Complaint, she lacks standing to seek this relief, and this relief is otherwise not viably pleaded.

**V. Plaintiff lacks standing to seek individual or class declaratory relief under Rule 23(b)(2) and these allegations are otherwise not viable**

Pursuant to Rule 12(b)(1), Plaintiff does not have standing to seek a certified class under Rule 23(b)(2) for declaratory relief or to seek individual declaratory relief. Plaintiff's Amended Complaint includes such an allegation for the proposed class. Quoting in part Rule 23(b)(2) (leaving out the "injunctive relief" reference in Rule 23(b)(2)), Plaintiff alleges that "Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory relief with respect to the Members of the Class as a whole." Amended

11

Compl. ¶ 40(c). Plaintiff also seeks declaratory relief in her Prayer for Relief. Even if Plaintiff had standing, under Rule 12(b)(6), these allegations are not viable.

For the same reasons that Plaintiff already agreed to dismiss her injunctive relief claims in filing her Amended Complaint, Plaintiff cannot seek declaratory relief individually or under Rule 23(b)(2). Plaintiff does not include any definitive allegations of future product purchase and harm in the Amended Complaint. Plaintiff's lone future purchase allegation, as in her original complaint, alleges that Plaintiff "remains interested in purchasing flushable wipes and would consider TopCo Flushable Wipes in the future if Defendant ensured the products were actually flushable." Amended Compl. ¶ 9. "Plaintiff does not have standing to pursue declaratory relief" where the complaint alleges Plaintiff "'would be interested in purchasing' the Products, if they are produced 'in conformity'" with the flushable "representation." *McNulty v. Polar Corp.*, 2020 U.S. Dist. LEXIS 174831, *5-6 (S.D.N.Y. Sept. 23, 2020). "Because Plaintiff does not seek to purchase the Products" as they are currently, "there is no likelihood of future harm." *Id.* at *6. *See also Patellos v. Hello Prods., LLC*, 2021 U.S. Dist. LEXIS 40926, *32 (S.D.N.Y. Mar. 4, 2021) (A plaintiff's "claims of a potential interest in future purchases do not suffice," because "a plaintiff who merely alleges that she would purchase a product if re-engineered or re-marketed does not show a real or immediate threat of future injury.").

Dismissal of Plaintiff's declaratory relief is required because a "plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Young v. James*, 2021 U.S. Dist. LEXIS 115597, *17 (S.D.N.Y. June 21, 2021) (dismissing request for declaratory and injunctive relief) (quoting *Deshawn v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir.

1998). Because "Plaintiff individually does not have standing to seek declaratory or injunctive relief," she "similarly lacks standing to pursue such relief on behalf of the putative class." *Rothschild v. GM LLC,* 2020 U.S. Dist. LEXIS 187300, *21-22 (E.D.N.Y. Sept. 30, 2020).

Thus, because the Amended "Complaint fails to allege a sufficient likelihood of future injury, Plaintiff lacks standing to pursue declaratory relief." *McNulty*, 2020 U.S. Dist. LEXIS 174831, *5. "Under Article III, 'a plaintiff must demonstrate standing for each claim and form of relief sought.'" *Id.* (quoting *Nat. Resources Def. Council, Inc. v. U.S. Food and Drug Admin.*, 710 F.3d 71, 86 (2d Cir. 2013)). "A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement" and alleging "'possible future injury' is insufficient." *Id.* (quoting *McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck*, 370 F.3d 275, 284 (2d Cir. 2004) and *Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015)). Accordingly, Plaintiff's request for declaratory relief, individually and for the class, must be dismissed.

Even if Plaintiff had standing, Rule 23(b)(2) is inapplicable here and any claim relying upon it fails under Rule 12(b)(6) because that subsection "was never intended to cover causes like the instant one where the primary claim is for damages, but is only applicable where the relief sought is exclusively or predominantly injunctive or declaratory." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 564 (2d Cir. 1968). Because Plaintiff indisputably and primarily seeks damages in the Amended Complaint, her alternative request under Rule 23(b)(2) fails and should be dismissed.

## CONCLUSION

Under Rule 12(b)(1) and 12(b)(6), the Amended Complaint should be dismissed with prejudice. Plaintiff does not have standing to bring claims against products she did not buy. She overlooks that the term "flushable" is not inherently deceptive or inconsistent with the products' packaging, barring her claims. She also concedes that she ignored the explanatory clarifying

language found on the products' packaging, which precludes any deception, further requiring dismissal. Finally, Plaintiff lacks standing to seek class certification under Rule 23(b)(1) or (2) and these allegations are otherwise not viable.

Dated: White Plains, New York
September 13, 2021

                        Respectfully submitted,

                        WILSON, ELSER, MOSKOWITZ,
                        EDELMAN & DICKER LLP

By: */s/ Gregg A. Tatarka*
    Gregg A. Tatarka, Esq.
    Attorneys for Defendant
    TOPCO ASSOCIATES, LLC
    1133 Westchester Avenue
    White Plains, NY 10604
    914-323-7000
    gregg.tatarka@wilsonelser.com
    Our File No.: 23626.00001

    David M. Ross, Esq., *Admitted pro hac vice*
    1500 K Street, N.W., Suite 330
    Washington, DC 20005
    202-626-7660
    david.ross@wilsonelser.com

    *Counsel for TopCo Associates, LLC*