**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBERLEY BRADLEY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> v.<br><br>TOPCO ASSOCIATES, LLC,<br><br>       Defendant. | Civil Action No. 7:21-cv-03303-CS<br><br>Hon. Cathy Seibel<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, Plaintiff and Defendant (collectively the "Parties" and individually a "Party") request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing this action,

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties providing Discovery Material in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms:

## I. DEFINITIONS

1. **Disclosure or Discovery Material**: all items or information (including, among other things, all Answers to Interrogatories, Answers to Requests for Admission, Responses to

1

Requests for Production of Documents, non-public produced documents, expert disclosures, mediation statements and mediation exhibits, deposition testimony, deposition transcripts and deposition exhibits, including any copies, drafts, excerpts, notes memoranda, and summaries thereof or relating thereto), regardless of the medium or manner generated, stored, or maintained that are voluntarily exchanged, produced, or generated by any Party or non-party in disclosures or responses to discovery in this matter.

2.      **Attorney/Counsel:** outside counsel of record and in-house counsel (*i.e.*, attorneys who are employees of either a Party or a Party's corporate parent, subsidiaries, or affiliates).

3.      "**TopCo**" includes TopCo Associates, LLC, as well as its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4.      **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

5.      **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

6.      **Designating Party**: a Party or non-party that designates Disclosure or Discovery Material as "Confidential."

7.      "**Confidential" Material**: information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not publicly known and which the Designating Party has not revealed to third parties or has caused third parties to maintain in confidence, and the disclosure of which the Designating Party believes in good faith could be detrimental to its business interests or cause it competitive harm, and any other information that would qualify as Confidential pursuant to the applicable legal standard.

8.     **Protected Discovery Material**: any Disclosure or Discovery Material that is designated as "Confidential."

II.     **DESIGNATION/TREATMENT OF PROTECTED DISCOVERY MATERIALS**

1.     No Party, third party, or other person subject to this Order may disclose Protected Discovery Material to anyone else except as this Order expressly permits.

2.     A Producing Party may designate as "Confidential" only such Discovery Material that it believes in good faith meets the definition of "Confidential" Materials as defined in Section I, Paragraph 7, above.

3.     With respect to Protected Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such as "Confidential" by stamping or otherwise clearly marking each page as "Confidential" in a manner to best not interfere with legibility and audibility. In the case of Protected Discovery Material disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed on the outside of the medium or its container, or in the folder or filename of such documents if produced electronically, or in the transmission communication producing such documents, so as to clearly give notice of the designation.

4.     A Producing Party or its counsel may designate deposition transcripts and exhibits or portions of deposition transcripts and exhibits as Protected Discovery Material either by: (i) indicating on the record during the deposition that a question calls for "Confidential" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Protected Information Governed by Protective Order;" or (ii) notifying the reporter and all counsel of record, in writing, within 30 days after its receipt of the final transcript of the deposition, of the specific pages and lines of the transcript that are to be designated Protected Discovery Material, in which case all counsel receiving the transcript will

be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following the receipt of a final transcript of a deposition, all parties to this action will treat the entire deposition transcript as if it had been designated "Confidential."

5.     If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" Discovery Material that it previously produced without limitation, the Producing Party may so designate such Material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated Discovery Material as "Confidential."

6.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.     Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order may disclose such information only to the following persons:

a.     the Parties or those persons employed by or otherwise associated with the Parties to this action (including the officers, directors, and employees of the Receiving Party) who the Receiving Party reasonably believes needs access to such information in order to prosecute or defend this action;

b.     the Parties' insurers and reinsurers and brokers, if any, and counsel to the foregoing;

c.     counsel for the Parties, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

d.     outside vendors who provide services such as photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form

or medium; etc., as well as their employees and subcontractors, that a Party hires and assigns to this matter;

   e. mock jurors and related service providers, provided that each juror and related service provided shall have executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f. any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   g. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   h. witnesses during the course of their testimony at deposition;

   i. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided (i) such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and (ii) such person is not a current officer, director, or employee of a competitor of defendant at the time of retention, nor anticipates at the time of retention to become an officer, director or employee of a competitor of defendant;

   j. stenographers and videographers engaged to transcribe and record depositions the Parties conduct in this action;

   k. this Court, including any appellate court, its support personnel, and court reporters; and

   l. other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

8.     Before disclosing any Protected Discovery Material to any person referred to in subparagraphs 8(d) or 8(e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. It shall be the obligation of counsel providing the Material to retain a copy of all agreements executed pursuant to this paragraph until sixty (60) days following the final termination of this litigation.

9.     The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as "Confidential" and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. A Party that seeks to file under seal any Discovery Material designated as "Confidential" must comply with the Court's Individual Rule 3(A) or any other governing rule or order of the Court. If a Party's request to file Discovery Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court. The redactions expressly authorized by Federal Rule of Civil Procedure 5.2 may be made without application to the Court.

10.     Any Party who objects to any designation of confidentiality shall at any time before the trial of this action confer with the Producing Party in an effort to resolve the dispute without court action. If the Parties are unable to resolve such dispute, counsel should describe their dispute in a single letter, jointly composed, not to exceed six pages (with equal pages made available for both Parties' respective positions). The joint letter shall describe the time, place, and duration of any discussions between the Parties to resolve the dispute, and shall also describe concisely the issues in dispute and the respective positions of each Party, citing the applicable authority that the Parties claim for support. Except for documents that are the subject of the dispute concerning confidentiality designations, affidavits and exhibits are not permitted in

connection with discovery dispute letters without prior written request and permission, except the Producing Party may provide declarations to support confidentiality designations. If an opposing Party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within five (5) business days of a Party's request, a Party may submit a letter without the opposing Party's contribution and shall attach a copy of the correspondence seeking the opposing Party's contribution.

11.     "Clawback" of Documents.  Any Party that inadvertently discloses or produces a document or electronically stored information ("ESI") that it considers privileged or otherwise protected from discovery will give written notice to the Receiving Party, identifying the document or ESI in question, the asserted privilege or protection, and the grounds therefore.

A.     Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the Receiving Party will:

1) to whatever extent it contests the assertion of privilege or protection, promptly so notify the Producing Party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court; and

2) to whatever extent the Receiving Party does not contest the assertion of privilege or protection, promptly certify in writing to the Producing Party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

12.     In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either Party may bring the contest to the attention of the Court by motion.

13.     Recipients of Discovery Material, including any person who receives or is provided with Discovery Material, in connection with this action may use such Material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14.     Nothing in this Order will prevent any Party from producing any Protected Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction. In the event that any Protected Discovery Material is demanded from a Receiving Party by way of subpoena or other compulsory process, the Receiving Party shall immediately give written notice to the Producing Party and shall include a copy of the subpoena or court order. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.     Each person who has access to Protected Discovery Material pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such Material.

16.     The protections conferred by this Order cover not only Protected Discovery Material, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or

counsel to or in court or in other settings that might reveal Protected Discovery Material. All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Order as though they were designated Protected Materials.

17.     Within 60 days of the final disposition of this action, including all appeals, all recipients of Protected Discovery Material must either return it, including all copies thereof, to the Producing Party, or destroy such Material, including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such Materials contain Protected Discovery Material. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Order.

18.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Discovery Material is produced or disclosed.

19.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

**Bursor & Fisher, P.A.**                    **Wilson, Elser, Moskowitz Edelman & Dicker LLP**

By: /s/ Frederick J. Klorczyk III            By: /s/ Gregg Tatarka
                                             Gregg Tatarka
Frederick J. Klorczyk III                    1133 Westchester Avenue
888 Seventh Avenue                           White Plains, NY 10604
New York, NY 10019                           Telephone: (914) 872-7294
Telephone: (646) 837-7150                    Facsimile: (914) 323-7001
Facsimile: (212) 989-9163                    gregg.tatarka@wilsonelser.com
fklorczyk@bursor.com

                                             *Counsel for Defendant*

*Counsel for Plaintiff*

SO ORDERED this  13th  day of  April  , 2023

New York, New York

_____
Hon. ~~Judith C. McCarthy~~ Cathy Seibel
United States ~~Magistrate Judge~~ District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

KIMBERLEY BRADLEY, individually and on
behalf of all others similarly situated,

                               Plaintiff,

    v.

TOPCO ASSOCIATES, LLC,

                               Defendant.

Civil Action No. 7:21-cv-03303-CS

Hon. Cathy Seibel

**NON-DISCLOSURE AGREEMENT**

I , _____ [print or type full name ], of _____

_____ _____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Protective Order that

was issued by the United States District Court for the Southern District of New York in the case

of *Bradley v. TopCo Associates, LLC.*

      1.     I agree to comply with and be bound by all the terms of this Protective Order and

I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I will not disclose in any manner any information or item

that is subject to this Protective Order to any person or entity except in strict compliance with the

provisions of this Protective Order. I will not use any information or item that is subject to this

Protective Order for any purpose beyond the instant litigation.

      2.     I agree not to use any stamped confidential document or other information subject

to the Protective Order for any purpose other than this litigation. I further affirm that I will not

reveal the confidential information to, nor discuss it with, anyone except in accordance with the

terms of the Protective Order.

3.      I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

4.      At the termination of this litigation, I will return all documents marked "Confidential," as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

Signature: _____

Printed name: _____

Date: _____